Filed 3/6/25  P. v. Moreno CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083600 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF008909) |
| DINO MORENO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, John D. Molloy, Judge.  Reversed and remanded with instructions.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Dino Moreno appeals the trial court's denial of a full resentencing hearing under Penal Code[1] section 1172.75.  Moreno contends the court erred in denying Moreno a full resentencing hearing on the basis that Moreno's prison priors were imposed and stayed, not imposed and executed.  Whether resentencing is required in such cases is presently pending review in the California Supreme Court.[2]  Following the weight of published appellate authority, and specifically this court's prior opinion in *Christianson, supra*, 97 Cal.App.5th 300, we reverse with instructions to conduct a full resentencing.

A.    Factual Summary

In 2008, a jury convicted Moreno of premeditated attempted murder (§§ 664 & 187, subd. (a)), assault with a semiautomatic firearm (§ 245, subd. (b)), unlawful possession of weapons by a felon (§ 12021, subd. (a)(1)), unlawful possession of an assault weapon (§ 12280, subd. (b)), unlawful possession of ammunition by a felon (§ 12316, subd. (b)(1)), and conspiracy to obstruct justice (§ 182, subd. (a)(5)).  In addition, the trial court found true gun use enhancements (§§ 12022.53 & 12022.5, subd. (a)), an out-on-bail enhancement (§ 12022.1), and that Moreno had two prison priors (§ 667.5, subd. (b)), two serious felony priors (§ 667, subd. (a)), and two prior strikes (§ 667, subds. (c), (e)).

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    See *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*); *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted March 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted August 14, 2024, S285853 (*Mayberry*).

In 2009, the court sentenced Moreno to 109 years to life in state prison. The court decided to impose and stay sentences for three of the counts, and it also stayed the sentences imposed for the prison priors. In 2019, the court resentenced Moreno to 70 years to life. The prison prior enhancements remained stayed.

Effective January 1, 2022, former section 1171.1 (now section 1172.75) was added to the Penal Code by Senate Bill No. 483 (2021–2022 Reg. Sess.). (Stats. 2021, ch. 728, § 3.) With one exception not applicable here, section 1172.75 provides that prison prior enhancements "imposed prior to January 1, 2020" pursuant to section 667.5, subdivision (b) are "legally invalid." (§ 1172.75, subd. (a).)

Pursuant to subdivision (b) of section 1172.75, the California Department of Corrections and Rehabilitation (CDCR) identified Moreno as a person currently serving a prison term that included an enhancement imposed pursuant to section 667.5, subdivision (b).[3] After the court appointed counsel to represent him, Moreno moved to be resentenced.

---

[3] Because Moreno's matter was not called in open court and there was no separate hearing on his request for resentencing, Moreno moved to augment the record on appeal or settle the record. In a May 2, 2024 order, we granted Moreno's motion in part, deferred it in part, and ordered the trial court to settle the record. The court and the parties provided us with a settled statement, which indicates that Moreno's case was one of approximately 50 other section 1172.75 resentencing matters scheduled to be heard the same day. At the end of the day, the parties in this matter incorporated into the record, by stipulation, the written briefs, oral arguments, and ruling in another case involving the same issue that was heard earlier the same day, *People v. Chlad*, Riverside County Case No. BAF002073 (*Chlad*). In accordance with our May 2, 2024 order and the settled statement, we now grant Moreno's request for judicial notice of the December 21, 2023 reporter's transcript in *Chlad* and rely on the oral arguments and the court's reasoning in *Chlad* as part of the record in this case.

Relying on section 1172.75's legislative history and the *Rhodius* decision, the court concluded that Moreno was ineligible for relief because his prison prior did not result in him serving any additional prison time.

B.      Analysis

The dispositive issue presented in Moreno's appeal is whether the trial court erred in its interpretation of section 1172.75.  Moreno contends the trial court did, and that the statute affords relief to all defendants whose sentences include a prior prison term enhancement, whether it was imposed and executed or imposed and stayed.  The People contend the court did not err, because section 1172.75 applies only to those defendants whose prior prison term enhancements were imposed and executed.  On our de novo review (*People v. Lewis* (2021) 11 Cal.5th 952, 961), and consistent with this court's prior decisions on the issue, we conclude Moreno has the better argument.  Accordingly, we will reverse the order and remand for full resentencing.

The proper interpretation of section 1172.75 in this context has now been the subject of numerous conflicting published appellate opinions, and the Supreme Court has now granted review in several cases to resolve the conflict.  In *People v. Renteria* (2023) 96 Cal.App.5th 1276 (*Renteria*), the trial court declined to apply section 1172.75 to the defendant's prior prison term enhancements on the ground that the word "imposed" as used in subdivision (a) of section 1172.75 did not include enhancements that were stayed. (*Renteria*, at p. 1282.)  The Sixth Appellate District reversed, holding that "imposed" enhancements include not only those imposed and *executed*, but also those that are imposed and *stayed*.  (*Ibid.*, quoting *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 (*Gonzalez*).)

4

In *Rhodius*, a different division of our court reached the opposite conclusion, relying heavily on *Gonzalez, supra*, 43 Cal.4th 1118, in which the Supreme Court interpreted the word "imposed" as used in section 12022.53, subdivision (f), to mean imposed *and* executed.  Examining section 1172.75 as a whole, the *Rhodius* court observed that subdivision (d)(1) of section 1172.75 requires the trial court to impose a "lesser sentence than the one originally imposed," and reasoned the only way the enhancement could affect the length of a sentence is if it had been imposed and executed.  (*Rhodius, supra*, 97 Cal.App.5th at pp. 43–44, review granted.)  It also found the legislative history of section 1172.75 demonstrates "a clear presupposition by the Legislature of an imposed and executed sentence," including a legislative analysis that found sentencing enhancements create a significant financial burden for state taxpayers.  (*Rhodius*, at pp. 46–47.)

Decided only four days after *Rhodius*, this court's opinion in *Christianson* rejected a narrow interpretation of section 1172.75 and held that the statute applies to cases in which the inmate's abstract of judgment includes one or more section 667.5, subdivision (b) enhancements that were previously imposed but stayed.  (*Christianson, supra*, 97 Cal.App.5th at p. 305, review granted.)  Although we considered the word "imposed" in section 1172.75, subdivision (a) to be "at least somewhat ambiguous," we concluded that in the context of the statutory scheme, stated legislative intent, and statutory history, "imposed" was not "limited to enhancements that were imposed *and executed*."  (*Christianson*, at p. 311.)  We observed that subdivision (b) of section 1172.75 requires the CDCR to identify all inmates " 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a),' " and that a judgment "may include a sentence that has been imposed but suspended or stayed."

5

(*Christianson*, at p. 311.)  We found it illogical that the Legislature would require the CDCR to identify a larger class of inmates based on the abstract of judgment, only to have the trial court "then look at the same abstracts of judgment available to the CDCR to determine whether" the enhancements had been stayed.  (*Id.* at p. 312.)

We also disagreed that if the statute were interpreted as applying to stayed enhancements, this would create a conflict with subdivision (d)(1) of section 1172.75.  We explained that when a punishment is stayed, "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s]," and that "removal of the stayed enhancement" therefore "provide[s] some relief to the defendant by eliminating that potential." (*Christianson, supra*, 97 Cal.App.5th at p. 312, review granted.)  And while in *Gonzalez, supra*, 43 Cal.4th at page 1126, the Supreme Court interpreted the word "imposed" in section 12022.53, subdivision (f), to mean imposed and executed, we did not find *Gonzalez* to be controlling.  In our view, the high court had interpreted "imposed" in the context of a statute intended to ensure longer sentences for felons who use firearms, whereas section 1172.75 was "expressly aimed at *reducing* sentences." (*Christianson*, at p. 314.)  And we found the legislative history to be consistent with our reading of section 1172.75.  (*Christianson*, at p. 316.)

Since the filing of our opinion in *Christianson*, several other courts have filed published opinions agreeing with *Renteria* and *Christianson*, but declining to follow *Rhodius*.  (See *Saldana, supra*, 97 Cal.App.5th at pp. 1276–1279, review granted; *Mayberry, supra*, 102 Cal.App.5th 665, review granted; *People v. Espino* (2024) 104 Cal.App.5th 188, 195–198 (*Espino*).)  "We see no good reason to reject the weight of authority interpreting section 1172.75" including our own decision in *Christianson*.

(*Espino*, at p. 196.) "Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division." (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.)

*Christianson* is a decision of this court, and the People have not provided us with a compelling reason to reconsider it. We were aware of *Rhodius* when we decided *Christianson*, and we expressly disagreed with the *Rhodius* court's interpretation of section 1172.75. (See *Christianson, supra*, 97 Cal.App.5th at p. 316, fn. 8, review granted.) Accordingly, we adopt the reasoning and holding of *Christianson* and conclude that section 1172.75 affords relief to defendants like Moreno whose abstracts of judgment include one or more section 667.5, subdivision (b) enhancements that were previously imposed but stayed. Moreno is therefore entitled to a recall of his sentence and full resentencing upon remand, including the application of "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2).) This moots Moreno's argument that he is also entitled to resentencing based on his absence from the resentencing hearing and any lack of opportunity to object to his appointed representation.

## DISPOSITION

The order denying Moreno's motion for resentencing is reversed and the matter is remanded to the trial court with instructions to grant the motion, recall Moreno's sentence, and resentence him consistent with section 1172.75 and current law.

BUCHANAN, J.

WE CONCUR:

HUFFMAN, Acting P. J.

DATO, J.

8